FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2018 MAY 10 P 4: 10
CLERK'S OFFICE
AT GREENBELT
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FADWA SAFAR,

    Plaintiff,

v.

    Case No.: GJH-16-3277

PRINCE GEORGE'S COUNTY, MD, *et al.*

    Defendants.

## MEMORANDUM OPINION

In this case, Plainiff Fadwa Safar alleges that her rights were violated when Defendants denied her access to a breast pump while she was detained at the Prince George's Adult Detention Center in late-December 2013. *See generally* ECF No. 24. Plaintiff initially named as Defendants Prince George's County; Mary Lou McDonough, the Director of the County's Department of Corrections; Mabel Smith and Sergeants Canitra Lee and Shawndra Williams, three Prince George's County correctional officers; Corizon Health, Inc. ("Corizon"), a corporation that was responsible for providing medical services to Prince George's County's inmates; and Mojisola Adeyemi, a licensed practical nurse who was stationed at Prince George's County Department of Corrections and employed by Corizon. ECF No. 24 at 3–5.[1] On August 1, 2017, the Court held a hearing regarding Defendants' Motions to Dismiss. ECF No. 57. The Court granted the Motions to Dismiss for Defendants Mary Lou McDonough, Prince George's County, Canitra Lee and Shawndra Williams. ECF No. 58.[2] As to Defendants Corizon and Mojisola Adeyemi, the Court dismissed Counts 6 (Intentional Infliction of Emotional Distress)

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[2] The Court entered a written Order to this effect, and stated its reasons orally on the record.

and 7 (Negligent Hiring, Training and Supervision) of the Amended Complaint, but denied the remainder of Corizon and Adeyemi's Motions to Dismiss. On December 5, 2017, Plaintiff filed an Unopposed[3] Motion To Rejoin Certain Prince George's County Defendants, pursuant to Federal Rule of Civil Procedure 20(a)(2)(A) & (B).[4] ECF No. 62. Plaintiff argues that through discovery Corizon has denied any liability, "necessarily pointing the finger of blame at the correctional authorities." ECF No. 62-1. Defendants urge the Court to interpret Plaintiff's Motion as a motion to reconsider, and to deny it as such. ECF No. 65 at 3. No further hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion is denied.

I.  **STANDARD OF REVIEW**

A. **Permissive Joinder**

Federal Rule of Civil Procedure 20(a)(2) provides that persons may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Plaintiffs may properly "join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." *Sanders v. Callender*, No. DKC 17-1721,

---

[3] On December 14, 2017, counsel for Defendants Prince George's County, McDonough, Lee and Williams submitted a letter to the Court noting that they opposed Plaintiff's Motion, ECF No. 64, and subsequently filed an opposition brief that same day, ECF No. 65.

[4] On December 7, 2017, two days after filing her Motion to Rejoin, Plaintiff also filed a Motion for Leave to Add Exhibit to Pending Motion to Rejoin County Defendants. ECF No. 63. The Court grants this motion. Defendants Corizon and Adeyemi have since filed a Motion for Summary Judgment, ECF No. 70, which the Court does not address in this Memorandum Opinion.

2018 WL 337756, at *12 (D. Md. Jan. 9, 2018) (quoting Charles Allan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* § 1655 (3d ed. 2009)).

**B. Motion to Reconsider**

A motion for reconsideration is typically governed by Federal Rule of Civil Procedure 59(e). Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence; or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). A Rule 59(e) motion "may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). *See also Sanders v. Prince George's Public School System*, No. RWT 08-cv-501, 2011 WL 4443441, at *1 (D. Md. Sept. 21, 2011) (a motion for reconsideration is "not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request"). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).

This Court has noted that "[n]either Rule 59(e), nor Local Rule 105.10 (providing the deadline for a motion for reconsideration), contains a standard for the application of Rule 59(e) and the Fourth Circuit has not identified such a standard." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 320 (D. Md.), *aff'd*, 584 F. App'x 135 (4th Cir. 2014). Thus, this Court has previously looked to the "widely cited case" of *Above the Belt, Inc. v. Bohannan Roofing, Inc.*,

3

99 F.R.D. 99 (E.D.Va.1983), for its reasoning that a "motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bey*, 997 F. Supp. 2d. at 320.

## II. DISCUSSION

Here, Plaintiff seeks to "rejoin" as Defendants Prince George's County, the Director of Corrections, Mary Lou McDonough, and two correctional personnel, Canitra Lee and Shawndra Williams (collectively, the "County Defendants"), who were previously dismissed from this case. ECF No. 62-1 at 1. Plaintiff argues that, through discovery, Corizon has denied "any policy of prohibiting the provision of breast pumps to lactating clients, denies that any of its employees made a decision to deny Ms. Safar a breast pump, and affirms that none of its employees made any such decision." ECF No. 62-1 at 5. Thus, Ms. Safar concludes, the County Defendants must be rejoined to ensure that a party is "held accountable for this Eighth Amendment violation." *Id.* at 5–6. Ms. Safar acknowledges that "[t]he deadline for moving for joinder of additional parties was November 24, 2017." *Id.* at 6.

In opposition, the County Defendants argue that Plaintiff's Motion is essentially an untimely motion to reconsider, that the Motion does not provide sufficient reasons for the Court to reconsider its prior dismissal of the County Defendants, and that Plaintiff admittedly missed the deadline to permissively join defendants pursuant to Rule 20. ECF No. 65 at 3. Plaintiff replies that their Motion was delayed because they were awaiting discovery from Corizon, and that the discovery received from Corizon constitutes new evidence warranting reconsideration by the Court.[5] ECF No. 66 at 3.

---

[5] Plaintiff does not discuss Rule 20 in further detail in her reply brief.

4

Construed as either a motion to reconsider or as a motion for permissive joinder, Plaintiff's Motion fails. As a motion for permissive joinder pursuant to Rule 20, Plaintiff may not file a motion to rejoin a defendant that has previously been dismissed. In *Mesmer v. Rezza*, Judge Chasanow was confronted with a similar set of facts. No. DKC 10-1053, 2011 WL 582578, at *1 (D. Md. Feb. 9, 2011). There, pursuant to Rule 20(a)(2), the plaintiff sought to join defendants who had previously been dismissed from the case. *Id.* In denying the plaintiff's motion, Judge Chasanow reasoned that because the plaintiff was seeking "to add defendants more than 21 days after a motion to dismiss was filed, [the plaintiff] 'must seek leave to amend the complaint under Federal Rule of Civil Procedure 15(a), and the joinder must also satisfy the requirements of Federal Rule of Civil Procedure 20(a)(2).'" *Id.* (quoting *Fontell v. MCGEO UFCW Local 1994*, No. AW–09–2526, 2010 WL 3086498, at *19 (D.Md. Aug.6, 2010)). Judge Chasanow further reasoned that "[i]t is likely a rare occasion when the purposes of Rule 20(a) would be served by permitting the reinstatement of claims against previously dismissed defendants, and this is not such an occasion, even when Plaintiff's supplemental material is considered." *Id.* at *2.

The Court finds *Mesmer* to be on point and reaches the same conclusion. Rule 20(a)(2) allows a plaintiff to join defendants where the plaintiff asserts a right to relief against them or where a question of law or fact common to all defendants will arise in the action. Here, the Court has already determined that Plaintiff's Amended Complaint does not sufficiently state a claim against the County Defendants; thus, there is no right to relief stated against them. As in *Mesmer*, Plaintiff would need to seek leave to amend her Amended Complaint to sufficiently state a claim

5

against the County Defendants, and joinder would need to satisfy the requirements of Rule 20(a)(2).[6]

Construed as a motion to reconsider, Plaintiff's Motion similarly fails. First, Plaintiff's Motion would fail as being untimely. The Court dismissed the County Defendants from this case on August 1, 2017. ECF No. 58. Plaintiff filed her now-pending Motion on December 5, 2017, more than four months after the Court's Order. ECF No. 62. Whether it is construed as a Motion to Reconsider pursuant to Rule 59(e) (which has a 28 day filing requirement) or pursuant to Local Rule 105.10 (which has a 14 day filing requirement), the Motion would be untimely.

Even if it was considered timely, Plaintiff's Motion fails as a motion to reconsider on its merits. Plaintiff argues that the Court should reconsider its prior Order because there was a "significant change" in facts. ECF No. 66 at 4. The extent of this "significant change" is that Corizon denied any liability in its discovery responses. *See* ECF No. 63-2 at 3. The fact that Corizon denies liability, however, does not change any of the facts underlying the Court's dismissal of the County Defendants. In the August 1, 2017 hearing, the Court reasoned that it was dismissing the County Defendants because Plaintiff's Amended Complaint did not sufficiently plead that Prince George's County employed a custom or policy of denying breast pumps to nursing women, or that any of the individual County employees acted with reckless disregard to Plaintiff's safety. Plaintiff has not provided any new evidence which would impact the Court's reasoning; thus, construed as a Motion to Reconsider, Plaintiff's Motion is denied.

---

[6] At this point, the Court does not take a position on whether it would grant leave of Plaintiff to amend her Amended Complaint to contain additional factual detail.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Add Exhibit to Pending Motion to Rejoin County Defendants, ECF No. 63, is granted. Plaintiff's Motion to Rejoin Certain Prince George's County Defendants, ECF No. 62, either construed as a motion for permissive joinder or as a motion to reconsider, is denied. A separate Order shall issue.

Date: May 10, 2018

GEORGE J. HAZEL
United States District Judge